**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SIGNATURE NETWORK, INC., | CASE NO. CV F 08-898 LJO SMS |
| Plaintiff, | **TEMPORARY RESTRAINING ORDER; ORDER OF SEIZURE; AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE** |
| vs. | |
| JOHN DOES 1-100, JANE DOES 1-100, and XYZ COMPANY, | |
| Defendants. | |

Based upon the complaint, memorandum of points and authorities, Declaration of Peter Weber, and the Certificate of Counsel, and all other pleadings and proceedings heretofore had herein and good cause shown:

IT IS HEREBY ORDERED that defendants, John Does 1-100, Jan Does 1-100, and XYZ Company, their true identities being unknown (collectively "Defendants"), show cause before the Honorable Lawrence J. O'Neill, United States District Court Judge, in **Courtroom 4 of the United States District Court for the Eastern District of California, located at 2500 Tulare Street, Fresno, California on Thursday, July 10, 2008 at 8:00 a.m.**, why an order should not be entered granting to Plaintiff Signature Network, Inc., a preliminary injunction to enjoin the Defendants from manufacturing, distributing, selling, or holding for sale, any clothing, jewelry, photographs, posters, or other merchandise (collectively the "Infringing Merchandise") bearing the federally registered trademarks,

1

1  servicemarks, likenesses, images, or tour logos of the tour known as the "**AMERICAN IDOLS LIVE**"
2  tour (collectively, the "Trademarks").

3  AND IT APPEARING TO THE COURT that Defendants are about to sell and distribute the
4  Infringing Merchandise bearing the Trademarks as set forth in Plaintiff's complaint and declaration, and
5  will continue to carry out such acts unless restrained by order of the Court;

6  AND IT APPEARING TO THE COURT that immediate and irreparable injury, loss or damage
7  will result to the Plaintiff before Defendants can be identified and given notice and their attorneys can
8  be heard in opposition to the granting of the temporary restraining order, in that the Defendants are
9  preparing to manufacture, distribute and sell Infringing Merchandise as set forth in the Plaintiff's
10 complaint, and that, unless said Defendants are enjoined from said manufacture, distribution, and sale,
11 the Plaintiff will suffer immediate and irreparable injury and harm in the form of a loss of income,
12 lessening and dilution of the value of the Trademarks, interference with Plaintiff's ability to exploit,
13 market and license its merchandising rights, confusion in the marketplace as to the duly authorized
14 source of merchandise depicting the Trademarks, and impairment of the good will Plaintiff and its
15 licensees have in the said Trademarks;

16 IT IS FURTHER ORDERED that pending hearing and determination of this application, or the
17 expiration of ten (10) court days from the date hereof, the Defendants, their agents, servants, employees,
18 attorneys, successors and assigns and all persons, firms and corporations acting in concert with them,
19 and each of them, are hereby temporarily restrained from manufacturing, distributing and selling
20 Infringing Merchandise bearing the any or all of the Trademarks;

21 AND IT IS FURTHER ORDERED that pursuant to 1116 (a), the United States Marshal, for this
22 District or any district in which Plaintiff enforce this order, the state police, local police or local deputy
23 sheriffs, off duty officers of the same, and any person acting under their supervision, are hereby
24 authorized to seize and impound any and all Infringing Merchandise bearing any or all of the Trademarks
25 of AMERICAN IDOLS LIVE tour (including AMERICAN IDOL) which Defendants attempt to sell or
26 are holding for sale, including any from any carton, container, vehicle, or other means of carriage in
27 which the Infringing Merchandise is found from six (6) hours before to six (6) hours after any
28 performance of the tour within a ten (10) mile vicinity of the halls, stadiums or arenas at which said Tour

shall be performing, including but not limited to on July 3, 2008 at the Save Mart Center in Fresno, California;

AND IT IS FURTHER ORDERED that this order be and is hereby conditioned upon Plaintiff's filing with the Clerk of this Court an undertaking in the form of a bond, certified check, or cash in the amount of **$ 20,000.00 no later than July 2, 2008**, to secure the payment of such costs and damages not to exceed such sum as may be suffered or sustained by any party who is found to be wrongfully restrained hereby;

AND IT IS FURTHER ORDERED that this temporary restraining order is conditioned upon the Plaintiff's advancing to the law enforcement officers such sum as is required by the same to cover the fees for their said services, in the event Plaintiff seeks their services in this or any other district;

AND IT IS FURTHER ORDERED that service of a copy of this order to show cause together with the complaint, be made upon the Defendants by the United States Marshal, state or local police, local deputy sheriffs or by any person over the age of eighteen (18) years not a party to this action selected for that purpose by the Plaintiff, at the time of the seizure provided herein is effected and that such service shall be deemed good and sufficient;

AND IT IS FURTHER ORDERED that the process server shall offer a receipt to each person from whom Infringing Merchandise is seized and that the Plaintiff shall be deemed substitute custodian for all Infringing Merchandise seized;

AND IT IS FURTHER ORDERED that each and every defendant served with a copy of this order promptly, courteously and peaceably identify himself or herself to the aforementioned process server and that the process server or agents for Plaintiff be allowed to photograph, video tape or otherwise identify the Defendant;

AND IT IS FURTHER ORDERED that **Defendants' responsive papers, if any, shall be filed with** the Clerk of this Court and served upon the attorneys for Plaintiff by delivering copies to its counsel **on or before July 8, 2008.  Any reply shall be filed by the Plaintiff and served upon each appearing defendant or his/her counsel on or before July 9, 2008.** Plaintiff is to provide copies of all other filed pleadings at the request of any identified defendant;

///

1   AND IT IS FURTHER ORDERED that any defendant who is hereafter served with a copy of this order who objects to the provisions hereof may submit his or her objections to this Court or otherwise move for relief from this Court according to the Federal Rules of Civil Procedure, but no such objection shall serve to suspend this Order or stay the terms herein unless otherwise ordered by this Court.

AND IT IS FURTHER ORDERED that pursuant to Local Rule 65-231 and F.R.C.P. Rule 65 (d), **any defendant can apply to this Court for modification/dissolution of this Order, including a change of the hearing date, on two (2) days notice or shorter notice as this Court may allow**.

IT IS SO ORDERED.

**Dated:   June 26, 2008**              /s/ Lawrence J. O'Neill
                                  UNITED STATES DISTRICT JUDGE