**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SIGNATURE NETWORK, INC., | CASE NO. CV F 08-898 LJO SMS |
| Plaintiff, | **PRELIMINARY INJUNCTION AND ORDER OF SEIZURE** |
| vs. | |
| JOHN DOES 1-100, JANE DOES 1-100, and XYZ COMPANY, | |
| Defendants. | |

Plaintiff Signatures Network, Inc. ("Plaintiff") having moved for a Preliminary Injunction enjoining and restraining the defendants from manufacturing, selling or distributing merchandise bearing the federally registered trademarks, servicemarks, logos, likenesses or images (collectively, the "Tour's Marks") of the popular musical tour known as **"AMERICAN IDOLS LIVE"** (the "Tour") and ordering the seizure and impounding of such articles; and service having been effected upon certain defendants at the Tour's performances which have previously occurred; and Plaintiff's application having come on for a hearing before the Honorable Lawrence J. O'Neill on the 10th day of July, 2008, at the United States Courthouse for the Eastern District of California, Fresno and Plaintiff having appeared by its attorney, Cara Burns, and there having been no other appearances;

Now, on presentation and consideration of Plaintiff's application for a preliminary injunction and order of seizure, the declaration in support thereof and all other pleadings and prior proceedings heretofore had herein in this matter, the Court hereby finds:

1. By reason of the substantial and continuous use of the trademarks, servicemarks, likenesses, logos, or images of the Tour in connection with the Tour's performance work, said marks have acquired meanings identified with the Tour and with products and services associated with them such as the Tour's Marks;

2. The served defendants, and those in active concert or participation with such defendants, have infringed upon Plaintiff's rights in the Tour's trademarks, servicemarks, likenesses, logos, images or other of the Tour's Marks owned and/or controlled by Plaintiff, and have as well committed acts of unfair competition against Plaintiff herein by manufacturing, distributing, offering for sale and selling merchandise bearing any or all of the trademarks, servicemarks, likenesses, logos, and images of the Tour or the Tour's Marks at or near the sites of the Tour's concerts, without having obtained a license or any other authorization to do so, as alleged in the complaint;

3. The acts of the defendants, and those in active concert or participation with them, constitute a violation of the United States Trademark Act in that they: a). involve goods or services, b) are activities which affect interstate commerce, and c) infringed the trademarks and/or bear a false designation of the source or origin of such goods or are likely to cause confusion, mistake or deception as to the affiliation, connection, association, sponsorship or approval of Plaintiff and/or the Tour with respect to such goods;

4. Defendants, and those in active concert or participation with them, will continue to sell such unauthorized merchandise unless enjoined by the Court; and

5. Copies of this Court's Temporary Restraining Order; Order of Seizure; and Order to Show Cause Why a Preliminary Injunction Should Not Issue and the Complaint filed in support of Plaintiff's application in this case have been served upon the defendants and unauthorized, bootleg merchandise has been seized from the defendants;

**NOW, THEREFORE, IT IS HEREBY**

**ORDERED,** that the defendants, their agents, servants, employees, attorneys, successors, and assigns, and all persons, firms, and corporations acting in active concert or participation with said defendants, are enjoined and restrained from:

(A) Using any or all of the trademarks, servicemarks, likenesses, logos, or images of the Tour

1  or the Tour's Marks, in connection with the sale, offering for sale, distribution, and/or advertising of any
2  clothing or other merchandise;

3      (B)    Manufacturing, distributing, selling, and/or holding for sale any clothing or other
4  merchandise which carries or otherwise uses any or all of the trademarks, servicemarks, tradenames,
5  likenesses, logos, or images of the Tour or the Tour's Marks; or

6      ( c)    Aiding, abetting, inducing, or encouraging another to perform any of the acts enjoined
7  herein.

8      **IT IS FURTHER ORDERED,** that the U.S. Marshal for this district or for any district in which
9  Plaintiff seeks to enforce this Order in the United States, the state police, local police, local deputy
10 sheriffs or off-duty officers of the same, and any person acting under their supervision (collectively
11 "Process Servers") are hereby similarly authorized to seize and impound any and all unauthorized
12 merchandise bearing any or all of the Tour's Marks, namely the trademarks, servicemarks, likenesses,
13 logos, or images of the Tour **"AMERICAN IDOLS LIVE," (including "AMERICAN IDOL")** or any
14 colorable imitations or variations thereof, or associated marks which defendants or their agents,
15 employees or representatives attempt to sell or are holding for sale in the vicinity of any of the Tour's
16 performances from six (6) hours before to six (6) hours after any performance of the Tour within a ten
17 (10) mile vicinity of the halls, stadiums or arenas at which the Tour shall be performing or elsewhere
18 where such merchandise is being sold, held for sale or is otherwise found, including in any carton, bag,
19 vehicle, or container in which the merchandise is transported or stored.  All clothing, jewelry,
20 photographs, posters and other merchandise bearing any or all of the trademarks, servicemarks,
21 likenesses, logos, or images of the Tour, or any colorable imitations or variations thereof, sold and held
22 for sale in the, vicinity of the arenas or other venues at which the Tour shall be performing, or elsewhere
23 where such merchandise is being sold, held for sale or otherwise found, shall be deemed to be
24 merchandise subject to the seizure provisions of this Order.

25     **IT IS FURTHER ORDERED,** that service of a copy of this Order, together with the Summons
26 and Complaint, be made upon defendants by the Process Servers, at the time of the seizure provided
27 herein is effected and that such service shall be deemed good and sufficient.

28     **IT IS FURTHER ORDERED,** that each and every defendant served with a copy of this order

1  promptly, courteously and peaceably identify himself or herself to the aforementioned Process Server
2  and that the Process Server or agents for Plaintiff be allowed to photograph, videotape or otherwise
3  identify the defendant.

4      **IT IS FURTHER ORDERED,** that the Process Server shall offer a receipt to each person from
5  whom goods are seized.

6      **IT IS FURTHER ORDERED,** that any **Defendant who is hereafter served with a copy of**
7  **this Order who objects to the provisions here in may submit his or her objections for this Court**
8  **or otherwise move for relief from this Court within ten (10) days of the date of seizure according**
9  **to the Federal Rules of Civil Procedure**, but no such objection shall serve to suspend this Order or stay
10 the terms hereof unless otherwise ordered by this Court.

11     **IT IS FURTHER ORDERED,** that all unauthorized items heretofore or hereafter seized in this
12 action be delivered up to the Plaintiff or the persons designated above, pending final disposition of this
13 matter.

14     **IT IS FURTHER ORDERED,** that the bond heretofore deposited with the Clerk of this Court
15 to secure payment of costs incurred in enforcing the provisions of the temporary restraining order and
16 any damages sustained by any party who is found to have been wrongfully enjoined thereby is hereby
17 continued until final disposition of this matter.

18     **IT IS FURTHER ORDERED** that this Preliminary Injunction and Order of Seizure shall expire
19 on **October 10, 2008**, unless this Court modifies the Preliminary Injunction and Order of Seizure.  If
20 Plaintiff moves this Court for an extension of time, Defendants shall have the right to appear and oppose
21 Plaintiff's motion.

22     **IT IS FURTHER ORDERED** that Plaintiff shall file a status report with this Court, no later
23 than **August 29, 2008 at 12:00 noon**, to inform this Court whether Plaintiff anticipates the American
24 Idols Live North American Tour to extend beyond September 13, 2008.

25

26 IT IS SO ORDERED.

27 **Dated:   July 10, 2008**                /s/ Lawrence J. O'Neill
                                            UNITED STATES DISTRICT JUDGE
28